# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM BRYAN DICKINSON | : | |
| Petitioner | : | |
| v. | : | Civil Action No. JKB-11-1490 |
| KATHLEEN GREEN, WARDEN and | : | |
| THE ATTORNEY GENERAL FOR THE STATE OF MARYLAND | : | |
| Respondents | : | |

o0o

## **MEMORANDUM**

The answer filed by respondents in the above-captioned case indicates that the petition for writ of habeas corpus is time-barred. ECF No. 5. Petitioner William Dickinson ("Dickinson") has filed a response addressing the timeliness issue (ECF No. 7) and the matter is now ripe for review. The court finds a hearing in this matter unnecessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2011); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).

### Background

Dickinson pled guilty to second-degree sex offense on January 13, 2000, in the Circuit Court for Queen Anne's County, and was sentenced to serve twenty years in prison. ECF No. 5 at Ex. 1. He did not appeal his guilty plea and sentence, making his conviction final February 14, 2000, when the time for filing an application for leave to appeal expired. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-302(e) and Md. Rule 8-204(b).

On February 11, 2000, Dickinson filed a motion for review by a three-judge panel, which was denied on May 12, 2000. ECF No. 5 at Ex. 1. Dickinson filed for post-conviction relief in

the Circuit Court for Queen Anne's County on November 1, 2006. The court granted relief in part, allowing Dickinson to file a belated motion for modification of sentence, but otherwise denied post-conviction relief on June 25, 2008. Dickinson's application for leave to appeal the post-conviction court's adverse ruling was denied summarily in an unreported opinion filed by the Maryland Court of Special Appeals on March 22, 2010. The mandate issued on April 22, 2010. ECF No. 5 at Ex. 2.

**Standard of Review**

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

**Analysis**

The filing deadline for Dickinson's federal habeas petition was February 14, 2001, one year after the date his conviction became final. The only motion pending during the one-year limitations period was Dickinson's motion for review by a three-judge panel which does not operate to toll the filing deadline[1] because it is not a post-conviction proceeding as contemplated by 28 U.S.C. § 2244(d)(2).[2] *See Moseley v. State*, 836 A. 2d 678, 685 (Md. 2003) (explaining post-conviction proceedings are not part of the original criminal case); *see also Robinson v. Warden, Md. House of Correction*, 455 F.2d 1172, 1176 (4th Cir. 1972) ("Sentence review deals

---

[1] Even if the motion tolled the limitations period, it would have done so for approximately three months while it was pending. The addition of the "tolled" period on the habeas deadline would extend it to May 14, 2001; the instant petition was filed on June 1, 2011. ECF No. 1.

[2] This section provides: the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

only with the justness of punishment, and a statute such as Maryland's gives adequate notice that the review panel may find sentences unjust because they are too short, as well as because they are too long.").

Thus, if the filing deadline is to be tolled in the instant case there must be evidence that Dickinson is entitled to an equitable tolling of the statute of limitations. To be entitled to equitable tolling, Dickinson must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Equitable tolling is available in "'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris*, 209 F.3d at 330).

Dickinson asserts that he complied with the ten-year filing deadline for seeking state post-conviction relief. ECF No. 7. Upon completion of "all avenues of justice in the state court system," Dickinson states he "lawfully" filed the instant petition in this court within one year of the date of final disposition. He further claims that dismissing his petition as untimely would deprive him of his constitutional right of access to courts and of his right to due process. *Id*. This is essentially a challenge to the constitutionality of 28 U.S.C. § 2244(d) and does not provide a basis for equitable tolling.

Dickinson does not have a constitutional right to waiver of the filing deadline, even if the claims asserted are strong. *See Rouse v. Lee*, 339 F.3d 238, 253 (4th Cir. 2003) (holding that attorney negligence was not a basis for tolling the filing deadline which was missed by one day in a death penalty case). Enforcement of the filing deadline by this court is required; to excuse

non-compliance without a cognizable basis for doing so "would reduce predictability and would prevent [the court] from treating the similarly situated equally." *Id*. (citing *Lookingbill v. Cockrell*, 293 F.3d, 256, 265 (5th Cir. 2002)). Dickinson has failed to advance any plausible explanation excusing the ten-year delay in filing his federal habeas petition.

Accordingly, by separate order which follows, the petition shall be dismissed as untimely. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Dickinson has not demonstrated that a certificate of appealability is warranted in this case; therefore, it will not be issued.

September 22, 2011                           /s/
                                                James K. Bredar
                                                United States District Judge